FREDERICK L. O'BRIEN *vs.* CITY OF BOSTON.

DENNIS J. KELLEHER *vs.* SAME.

Suffolk.    January 11, 1929. — January 31, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Probation Officer.    District Court.*

Where a judge of a district court under G. L. c. 276, § 83, has appointed
probation officers and, with the approval of the county commissioners,
has fixed their salaries, the salary of each officer so fixed measures his
full compensation and he is not entitled to more than that salary
although the court classified the services to be performed by the
various probation officers for that court and designated certain serv-
ices to be performed by certain officers, and, purporting to act under
§ 89 of the statute, appointed one of such officers temporarily to per-
form, besides his regular duties so designated, the duties of another
probation officer who was on a vacation, and fixed an additional
salary to be paid for such temporary services.

Two ACTIONS OF CONTRACT, the first "for services ren-
dered by the plaintiff as probation officer, *pro tempore*, of
the East Boston District Court, in the East Boston Dis-
trict of the city of Boston, within the county of Suffolk
and said Commonwealth, under appointment as probation
officer, *pro tempore*, made by the justice of said court,
according to" an account annexed, bearing the heading,
"County of Suffolk, East Boston District Court, to Fred-
erick L. O'Brien, East Boston District Court, Dr.," and
containing items, "To services as probation officer, pro
tem. $8.22," for each day except Sundays beginning July 7,
1924, to and including August 9, 1924; and similar items,
with the amount $8.88, for each day excepting Sundays
and July 3–12, beginning with June 29, 1925, to and includ-
ing August 1, 1925; and beginning with November 27,
1925, and ending with December 5, 1925. The entire claim
was for $513. The declaration in the second action was
"for services rendered by the plaintiff as probation officer

for wayward and delinquent children, *pro tempore,* of the East Boston District Court," and the account annexed was in a similar form, the entire amount claimed being $404.40. Writs in the Municipal Court of the city of Boston dated July 24, 1926.

From the reports by the trial judge, it appeared that during the thirty days' vacation to which the plaintiff Kelleher was entitled without loss of pay, the plaintiff O'Brien was appointed by the judge "a temporary probation officer to exercise the powers and perform the duties, during said thirty-day period, of said 'probation officer' in the investigation of cases and supervision of persons seventeen years of age and over"; and that, during the thirty days' vacation to which the plaintiff O'Brien was entitled without loss of pay, the plaintiff Kelleher was appointed by the judge "a temporary probation officer to exercise the powers and perform the duties, during said thirty-day period, of said probation officer for wayward and delinquent children"; that, in each such instance, the judge fixed the compensation, and purported to act under G. L. c. 276, § 89; and that, during the periods of such respective "temporary" appointments, the plaintiff O'Brien "exercised the duties of his own office of 'probation officer for wayward and delinquent children' as well as the duties to which he had been temporarily assigned as aforesaid, and received in the years 1924 and 1925 his full annual salary as 'probation officer for wayward and delinquent children'"; and the plaintiff Kelleher "exercised the duties of his own office of 'probation officer' and also exercised the duties temporarily of 'probation officer for wayward and delinquent children', and received in the years 1924 and 1925 his full annual salary as Probation Officer."

Material facts appearing at the hearing in the Municipal Court are stated in the opinion. The judge found for the plaintiffs in the sums of $513 and $404.40, respectively, and reported the actions to the Appellate Division, where judgments were ordered for the defendant. The plaintiffs appealed.

*H. P. Moltedo,* for the plaintiffs.

*E. D. Gallagher*, Assistant Corporation Counsel, for the defendant.

SANDERSON, J.   The plaintiff Kelleher, in 1914, was appointed "Probation Officer" of the East Boston District Court and in the same year the plaintiff O'Brien, by the same court, was appointed "Probation Officer for Wayward and Delinquent Children."   The duties of O'Brien as fixed by the judge did not include investigation into cases or supervision of persons seventeen years of age and over, and the duties of Kelleher as prescribed by the judge did not include cases of juvenile delinquents and their supervision; each was entitled to a vacation of thirty days without loss of pay. In the years 1924 and 1925 the judge of that court, acting under G. L. c. 276, § 89, appointed O'Brien a temporary probation officer during a thirty-day period to exercise the powers and perform the duties of the probation officer in the investigation of cases and supervision of persons seventeen years of age and over, and in the same years for similar periods of time he appointed Kelleher a temporary probation officer to exercise the powers and perform the duties of the probation officer for wayward and delinquent children.   The actions were brought in the Municipal Court to recover for services rendered under these temporary appointments. The Appellate Division ordered judgment for the defendant in each case.

By virtue of G. L. c. 276, § 89, the judge of a district court was given authority in the absence of a probation officer, to appoint a temporary probation officer who should have the powers and perform the duties of such probation officer and receive from the county the *per diem* compensation therein designated.   St. 1907, c. 223, entitled "An Act to provide for the appointment of an additional probation officer for the Central District Court of Worcester," authorized the judge of that court to appoint a probation officer for wayward and delinquent children.   By St. 1908, c. 190, a similar provision was made, applicable to the Police Court of Springfield, and by St. 1908, c. 637, the appointment by certain courts, including the East Boston District Court, of probation officers for children and juvenile offenders was author-

ized.   The purpose of these acts was not to create a distinct class of probation officers, but to place special emphasis upon the work for children.   These acts were all repealed by G. L. c. 282, and the general duties and rights of probation officers are now found in G. L. c. 276, § 83, *et seq*.   The original assignment of each plaintiff to do a special part of the probation work does not make two distinct offices.   Both were probation officers.   The Legislature has delegated to the judge or judges of the court, subject to the approval of the county commissioners, power to fix the salary of a probation officer.   When so fixed, it measures his full compensation for performing the duties of his office.

Probation officers of the District Court appointed and assigned to special duties as these officers had been were nevertheless bound by reason of G. L. c. 276, §§ 85, 92, to perform such other duties as the court required of them. Notwithstanding the designations in the original appointments, their duties might be changed from time to time. Each plaintiff in performing the services for which recovery is sought was doing a part of the probation work of the court and, having received full compensation for the years 1924 and 1925, he is not entitled to the additional compensation for parts of those years.   All work was done by both as probation officers and not as temporary probation officers. In each case the entry must be

*Order of Appellate Division affirmed.*